# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | Case No. 1:18CR00025-26 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **SUSAN NICOLE PAYNE,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Charlene R. Day, Assistant United States Attorney, Roanoke, Virginia, for United States; Nancy Dickenson-Vicars, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant has filed a Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) requesting an early release from prison. I find that the defendant's medical conditions and her need to facilitate cancer treatment for her minor daughter are extraordinary and compelling reasons to reduce her sentence. Also, her time served is sufficient to meet the goals of 18 U.S.C. § 3553(a) given the non-violent nature of the crime, her minimal criminal history, and low risk of recidivism. I will grant the Motion for Compassionate Release and reduce her sentence to time served.

I.

I originally sentenced the defendant, Susan Nicole Payne, to eighty-seven months for conspiracy to possess with intent to distribute at least 500 grams of methamphetamine as well as methamphetamine distribution. J. 1–2, ECF No. 569.

This sentence deviated below the statutory minimum ten-year sentence under the safety valve, 18 U.S.C. § 3553(f).  Statement of Reasons, ECF No. 570.  At the government's request I further reduced the defendant's sentence to sixty months.  Am. J. 2, ECF No. 1091.  The defendant has thirty-two months of her sixty-month sentence remaining and is scheduled to be released from prison on June 23, 2023.

The governing statute, 18 U.S.C. § 3582(c)(1)(A), provides that if a defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion for compassionate release on their behalf, upon a motion from the inmate, a court may reduce their sentence and impose a term of probation or supervised release if, after considering the factors set forth in 18 U.S.C. § 3553(a), extraordinary and compelling reasons warrant such a reduction; or the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and the reduction is consistent with the Sentencing Commission's policy statement.

A prisoner bringing a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) must first exhaust her administrative remedies.  The government does not contest that Payne has exhausted such remedies by submitting a request to the warden of her facility, who has responded. Thus, the motion is ripe for review.

The Sentencing Commission's policy statement enumerates several extraordinary and compelling reasons to reduce a prisoner's sentence such as the

defendant's "serious physical or medical condition," and the "incapacitation of the caregiver of the defendant's minor child or minor children." U.S. Sentencing Guideline Manual § 1B.13.

The defendant's medical conditions would make her more likely to develop a severe illness or die if she contracted COVID-19 in prison. There were three confirmed inmate cases of COVID-19 at the Alderson Federal Prison Camp where the defendant is housed, who have now recovered. Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited Oct. 28, 2020). The defendant is obese with a Body Mass Index of 46.5 and suffers from Type 2 diabetes with diabetic neuropathy. According to the Centers for Disease Control and Prevention (CDC) those conditions weaken the body's immune system and place the individual at an increased risk of severe complications from COVID-19 such as pneumonia, infection, and death. Suppl. Mot. Compassionate Release 3, 6 ECF No. 1208.

The defendant ensuring continuity of her eight-year-old daughter's cancer treatment is another extraordinary and compelling reason to reduce her sentence. The defendant has eight-year-old twins — a boy, and a girl who was diagnosed with cancer and the genetic disease, Sotos syndrome. *Id*. at 13–14. After the daughter underwent chemotherapy, doctors at St. Jude's Children's Research Hospital wanted to closely follow her and recommended follow up visits to check for cancer

recurrence. Before the defendant became incarcerated her daughter went to St. Jude's for treatment in 2013, 2014, 2015, 2017, and 2018, and the defendant often accompanied her daughter to those visits.

Defense counsel has advised me that the defendant's daughter has not received treatment at St. Jude's during the defendant's term of incarceration. While the defendant's adult daughter had custody of the child a December 2019 appointment at St. Jude's was not kept. The appointment has been rescheduled to February 2021. A non-family member now has temporary custody of the twins pending a final custody hearing. No other family members can take custody of the twins or assume responsibility for the daughter's medical treatment as their father died in a house fire in 2015.

The defendant has indicated that if released she can ensure that her daughter continues to receive the proper medical care. If released now she may appear at a custody hearing for the children scheduled on November 12, 2020, seek full custody, and resume taking her daughter to appointments at St. Jude's as she regularly did before she went to prison.

Although there are extraordinary and compelling reasons to reduce the defendant's sentence, I must also consider the sentencing factors of 18 U.S.C. § 3553(a) to determine whether modifying or imposing a new sentence is appropriate. Those factors require the court to consider the nature and circumstances of the

offense and impose a sentence that both reflects the seriousness of the crime and provides just punishment and respect for the law. 18 U.S.C. § 3553(a)(1), (2)(A). To be sure, the defendant pleaded guilty to a serious crime — distributing 500 grams or more of methamphetamine in a conspiracy that lasted about two years. But the sentence should also reflect the defendant's role in the scheme. The defendant was a non-violent, lower level dealer in the drug conspiracy. She and other sub-distributors obtained methamphetamine that was trafficked into Southwest Virginia and resold smaller quantities to individuals. PSR 50–51, ECF No. 559. Thus, I conclude that the defendant's time served in prison is sufficient to reflect the nature and seriousness of the crime.

The sentencing factors also require the court to consider the defendant's history and characteristics, deterrence, and protecting the public from future crime. 18 U.S.C. § 3553(a)(1), (2)(B), (2)(C). Prior to this conviction, the defendant had a criminal history score of zero under the Sentencing Guidelines. PSR 57, ECF No. 559. She became addicted to methamphetamine in 2015 after her husband's tragic death, *id*. at 62, and "supported her [methamphetamine] habit by distributing it," Reply Supp. Mot. Compassionate Release 2, ECF No. 1222. While in prison the defendant has attempted to cure her addiction by participating in the Residential Drug Treatment Program and plans to continue outpatient treatment at Highlands Community Services upon release. *Id*. at 2–3. Also, the defendant now realizes that

her children's welfare depends on her obeying the law. Mot. Compassionate Release, ECF No. 1142. I find that her time served will provide adequate deterrence and protection to the public considering the defendant's substance abuse treatment, her interest in her children's welfare, and the Bureau of Prisons categorizing her as a "low risk" for recidivism. Suppl. Mot. Compassionate Release, Ex. C, Inmate Profile, ECF No. 1208-1.

II.

Upon motion of the defendant for a reduction in sentence under 18 U.S.C. § 3852(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, and for the reasons stated on behalf of the defendant, it is **ORDERED** that the motion, ECF Nos. 1142, 1208, is GRANTED. The defendant's previously imposed sentence of imprisonment is REDUCED to TIME SERVED.

This order is stayed for ten (10) calendar days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. If more than ten (10) calendar days are needed for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended.

- 7 -

The terms of the defendant's supervised release are modified as follows:

(1) The defendant must serve three (3) months of home detention beginning immediately after release. The probation officer shall monitor compliance by random phone calls and/or other means, but this condition does not require location monitoring equipment installed unless deemed necessary by the probation officer; and

(2) The defendant must obey all guidelines of the CDC relating to protection against the spread of COVID-19, including but not limited to frequent hand washing, avoiding crowds, wearing a mask around others, and practicing social distancing.

The Clerk shall provide a copy of this Order to the Probation Office, which Office shall provide a copy to the Bureau of Prisons.

ENTER: October 29, 2020

/s/ JAMES P. JONES
United States District Judge